# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTIE BUSH,

    Plaintiff,

v.

United Check Recovery Bureau, Inc.,

    Defendant.

               **COMPLAINT &**
                **DEMAND FOR JURY TRIAL**

_____/

Sean R. O'Mara (P76140)
**O'Mara Law Firm, PC.**
Attorney for Plaintiff
21929 E. Nine Mile Rd.
St. Clair Shores, MI 48080
P: (586) 200-6404
F: (586) 445-2399
E: omaralawfirmpc@gmail.com

David S. Parnell (P77628)
**THE PARNELL FIRM, PLLC**
Attorney for Plaintiff
21929 E. Nine Mile Rd
Saint Clair Shores, MI 48080
P: (586) 445-0110
F: (586) 445-2399
E: david@parnellfirm.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Christie Bush, represented by her attorneys, Sean R. O'Mara of the O'Mara Law Firm and David S. Parnell of the Parnell Law Firm, states:

# INTRODUCTION

1. Defendant, United Check Recovery Bureau, Inc. (hereinafter "United Check Recovery Bureau") used threatening, misleading, and deceptive collection practices in a concerted effort to intimidate and scare Ms. Bush into paying her ex-husband's pay-day advance debt. The abusive tactics used by the Defendant are a per se violations of the Fair Debt Collection Practices Act 15 U.S.C. 1692 ("FDCPA").

2. On or about April 14, 2017 Plaintiff was contacted by and individual identifying himself as "Chad Murphy" calling on behalf of Defendant, United Recovery Bureau. Chad Murphy stated that Plaintiff's former husband owed a debt to 'instant cash' and that she could be prosecuted for the cash advanced check of her former husband and that it did not matter that she had no clue about the debt.

3. During the phone call Defendant's agent Chad Murphy stated that Plaintiff could face jail time if she did not pay.

4. The FDCPA regulates the behavior of collection agencies attempting to collect on a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate

abusive debt collection practices by debt collectors to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

5. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

## PARTIES

6. Plaintiff is a natural person and a consumer.

7. The obligation sought for collection is a "debt" as defined by the FDPCA.

8. At all times relevant to this complaint, Plaintiff resided in County of Macomb, State of Michigan.

9. At all relevant times to this lawsuit Defendant United Check Recovery Bureau, Inc. operated as a collection agency in New York, with its primary place of business being located at 3768 Seneca Street, West Seneca (Buffalo), NY 14224.

10. Defendant United Check Recovery Bureau, Inc. is not licensed by the State of Michigan to collect consumer debt in Michigan.

11. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

12. At all times relevant to this complaint, Defendant was a debt collector engaged in the business of using the mails and telephone to collect consumer debts originally owed to others under the FDCPA.

## JURISDICTION AND VENUE

13. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and § 1337. This court has supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

14. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

15. Defendant, United Check Recovery Bureau, Inc. is a New York Corporation conducting/transacting its collection business in Michigan. United Check Recovery

Bureau uses interstate commerce and the mails in a business whose principal purpose is the collection of debt. Venue is proper pursuant 28 U.S.C. 1391(b)(2).

16. United Check Recovery Bureau regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another. United Check Recovery Bureau is a "debt collector" as the term is defined and used in the FDCPA.

17. Defendant is engaged in the business of debt collection as defined by 15 U.S.C. 1692a and are prohibited from engaging in activities that violate 15 U.S.C. 1692 *et seq*.

18. The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

20. Whether a debt collectors' actions are false, deceptive, or misleading under § 1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank,* 683 F.3d 323, 327

(6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006).

21. Section 1692e provides: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

## FACTUAL ALLEGATIONS

22. At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff regarding a debt to 'instant cash' that was owed by Plaintiff's ex-husband.

23. On or about April 14, 2017 was contacted by agents of Defendant from phone number 1-(855)448-1970, during this collection phone call Defendant's agent stated that Plaintiff could be prosecuted for the actions of her ex-husband even though Plaintiff told them that she did not owe the debt.

24. Due to the untrue statements of Defendant and threatening communication use, Plaintiff was coerced into paying Defendant $140.29.

25. Defendant's agent stated that if Plaintiff paid $140.29 by April 28th that they would remove her name from the account.

26. Defendant's agents called Plaintiff on April 26th to remind Plaintiff to pay Defendant by April 28th or else she would be held liable for the debt and could be prosecuted by the authorities.

27. Due to the abusive and deceptive collection tactics of Defendant's agents, Plaintiff promptly paid Defendant the $140.29 on April 28th 2017.

28. Defendant's collection activities directed at Plaintiff were made with the intent to deceive, intimidate, annoy, harass, upset, and coerce payment from Plaintiff, knowing that the debt was not hers.

29. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

30. Specifically, Plaintiff suffered a concrete actual and informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from the Plaintiff.

## COUNT I
## DEFENDANT VIOLATED 15 U.S.C. § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

32. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

33. Section 1692d(2) of the FDCPA prohibits debt collectors from the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

34. Section 1692d(5) of the FDCPA prohibits debt collectors from engaging any person in telephone conversation with the intent to annoy, abuse, or harass any person at the called number.

35. Defendant violated 15 U.S.C 1692d of the FDCPA when it threatened that Plaintiff could be prosecuted for the debt and that she would be criminally prosecuted if she did not pay Defendant.

## COUNT II
## DEFENDANT VIOLATED 15 U.S.C. § 1692e, § 1692e(5), § 1692e(7) and § 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken.

38. Section 1692e(7) of the FDCPA prohibits the false representation or implication that the consumer committed a crime or other conduct used to disgrace the consumer.

39. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40. Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA when it sought to collect a debt from Plaintiff that she does not owe, and when it made additional false representations and deceptive acts seeking to collect a debt from Plaintiff that she does not owe.

41. Defendant violated §§ 1692e, 1692e(5), 1692e(7), and 1692e(10) of the FDCPA when it threatened that Plaintiff owed the debt and could be criminally prosecuted without the legal authority to do so, and when it made additional false representations and deceptive acts seeking to collect a debt from Plaintiff that she does not owe.

<u>COUNT III</u>
<u>DEFENDANT VIOLATED 15 U.S.C. § 1692f OF THE</u>
<u>FAIR DEBT COLLECTION PRACTICES ACT</u>

42. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

43. Defendant violated § 1692f of the FDCPA when:

   a. Defendant sought to collect a debt from Plaintiff that she did not owe,

   b. When it placed telephone calls to Plaintiff with the knowledge Plaintiff did not owe the alleged debt but instead continued to seek its collection,

   c. When it threatened that Plaintiff was liable and could be prosecuted for the debt because of her association with the debtor, and

   d. When it engaged in other unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff that she does not owe.

44. As a result of the acts of Defendant, Plaintiff has suffered mental distress, anger, humiliation, stress, and strain with friends and family.

45. As a result of Defendant's violations of the FDCPA, Ms. Bush is entitled to actual damages; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff seeks:

a. A judgment against United Check Recovery Bureau, Inc for Actual Damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(1); Statutory Damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and Such further relief as the court deems just and proper

DATED: 6/21/2017                                            Respectfully Submitted,

/s/ Sean R. O'Mara
Sean R. O'Mara (P76140)
**O'Mara Law Firm PC**
21929 E. Nine Mile Road
Saint Clair Shores, MI 48080
P: (586) 200-6404
E: omaralawfirmpc@gmail.com

## JURY DEMAND

Plaintiff requests a jury trial for those claims triable by jury.

DATED: 6/21/2017

Respectfully Submitted,

/s/ Sean R. O'Mara
Sean R. O'Mara (P76140)
**O'Mara Law Firm PC**
21929 E. Nine Mile Road
Saint Clair Shores, MI 48080
P: (586) 200-6404
E: omaralawfirmpc@gmail.com